IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 13 C 6995 |
| | ) | Judge |
| v. | ) ) | Magistrate Judge |
| FIVE STAR DECORATING, INC., an Illinois Corporation | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, by their attorneys, Donald D. Schwartz, James R. Anderson, Gregory W. Hosé, and ARNOLD AND KADJAN, complain against Defendants **FIVE STAR DECORATING, INC.**, an Illinois corporation, as follows:

## COUNT I

### Jurisdiction and Venue

1.    Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2.    The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.    The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, HEALTH AND WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.    Defendant **FIVE STAR DECORATING, INC. ("FIVE STAR")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a

collective bargaining agreements ("Labor Agreement") with the Union on or about November 2, 1993 whereby **FIVE STAR** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

## The Agreements

7.     Pursuant to the provisions of the Labor Agreement, **FIVE STAR** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **FIVE STAR** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.     Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **FIVE STAR** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **FIVE STAR** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **ALCA** to pay liquidated damages, interest, auditors fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

## The Claim

9.     **FIVE STAR** has breached the provision of the Labor Agreement and Trust Agreements by failing to submit all of the required monthly contributions for the period from **June 2003 through September 2011** in the amount of **$23,617.20.**

10.    Pursuant to the provisions of the Labor Agreement and Trust Agreements, **FIVE STAR** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

11.    Plaintiffs have complied with all conditions precedent in bringing this suit.

12.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing.

13.    **FIVE STAR** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements and 29 U.S.C. Section 1132(g)(D).

14.    Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i)    interest on the unpaid contributions; or

(ii)   liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.    Judgment be entered against **FIVE STAR** and in favor of Plaintiffs in the amount of $23,617.20;

B.    That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

C.    Such other and further relief as the Court deems appropriate.

### COUNT II

15.     Plaintiffs reallege Paragraphs 1 through 6 as if completely stated herein.

16.     Pursuant to the provisions of the Labor Agreement, **FIVE STAR** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and Trust Agreements by the 20th day of each month for the work done in the preceding.

17.     Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **FIVE STAR** is required to pay liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due for unpaid, under-paid or late paid contributions. In addition **FIVE STAR** is required to pay all attorneys' fees and court costs incurred by the Funds in the collection process.

18.     **FIVE STAR** has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay accumulated liquidated damages which are owed based on the company's failure to timely pay its fringe benefit fund contributions, in the amount of $15,047.65.

19.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **FIVE STAR**.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      That judgment be entered in favor of Plaintiffs and against **FIVE STAR** in the amount of $15,047.65 for unpaid liquidated damages;

B.      That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and court costs incurred in the prosecution of this action;

C.     That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **FIVE STAR**; and

D.     That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT III

20.     Plaintiffs repeat and reallege Paragraphs 1-6 and 16-19 as if more fully stated herein.

21.     Plaintiffs seek alternate relief under federal common law.

22.     Jurisdiction of this cause is proper in this court as federal common law governs the interpretation of contracts in the context of ERISA and Plaintiffs are an ERISA plan.

23.     Venue is founded pursuant to federal common law in this District, as both Plaintiffs and **FIVE STAR** have offices in this District.

24.     Plaintiffs have standing in this matter as they are third party beneficiaries to the collective bargaining agreement between the Union and its affiliated locals, and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

WHEREFORE, Plaintiffs pray for relief as follows:

A.     That judgment be entered in favor of Plaintiffs and against **FIVE STAR** in the amount of $15,047.65 for unpaid liquidated damages;

B.     That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and court costs incurred in the prosecution of this action;

C.     That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **FIVE STAR**; and

D.      That this Court grant such other and further relief as may be appropriate under the

circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND, et al.,**


By:  _/s/ Gregory W. Hosé_____
        One of their Attorneys


DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSÉ
ARNOLD AND KADJAN
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415

# Exhibit A

P.D.C. #14 MEMORANDUM OF AGREEMENT

THIS AGREEMENT entered into by and between PAINTERS' DISTRICT COUNCIL #14 (hereinafter referred to as "the Union" and ___5 Star Dec Inc___ (*North Reverside*) referred to as "the Employer"), WITNESSETH THAT:

WHEREAS, the PAINTING and DECORATING CONTRACTORS' ASSOCIATION, CHICAGO CHAPTER and THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/ GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "Associations") and the Union have reached agreement on Wages, Hours and terms and conditions of employment for the period June 1, 1991, to May 31, 1994; and

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevent interruption of work and agree to adopt such terms;

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respect to Wages, Hours, and other terms and conditions of employment.

    The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's Painting and Taping employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized toand in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he was bound to all terms and conditions of the Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1991, and hereby reaffirms his continuing obligation with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are not inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between the Union and the Associations and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof. In the event of a conflict the Interim Agreement shall supersede and control.

3. The Collective Bargaining Agreement between the Union and Associations, June 1, 1991, to May 31, 1994, and all subsequent amendments thereto are incorporated herein as if they were set forth in full. The Employer agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

WAGES: June 1, 1991, to May 31, 1992 - $20.70 per hour.

June 1, 1992, to May 31, 1993 - $21.20 per hour.

June 1, 1993, to May 31, 1994 - $21.70 per hour.

(over)

5. Employer agrees to pay for the period JUNE 1, 1992, to MAY 31, 1994, $3.70 per hour to WELFARE and $1.25 per hour to PENSION Fund for each hour worked by bargaining unit employees and in year three of the contract, such amounts as allocated from the total economic package in Paragraph 4 as the Union so directs.

6. In addition to the above Wages, Welfare and Pension contributions for the period JUNE 1, 1993, through MAY 31, 1994, Employer agrees to pay the following amounts per hour of each hour of covered work, or such additional amount which may be allocated in the third year of the contract from the total economic package:

$.13 per hour PAINTERS Apprenticeship Training Fund
$.15 per hour DRYWALL Apprenticeship Training Fund
$.01 per hour Scholarship Fund
$.01 per hour Cooperation Trust Fund
$.02 per hour Industry Advancement Fund

7. This Agreement shall become effective at 12:02 A.M., JUNE 1, 1991, and shall remain in full force and effect until 12:00 P.M., MAY 31, 1994, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or CERTIFIED MAIL, prior to expiration by either party hereto to the desire to modify, amend or terminate this Agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

8. That this document is the complete written agreement between the parties and can only be amended in writing by the parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary the terms of the written contract.

9. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _2_ day of _November_ , 19_93_.

EMPLOYER:

FIRM: _Five STAR DEC._
(PRINT)

ADDRESS: _P.O. BOX 1594    North Riverside_

_X Mike Cifaldi    Pres._    _Mike Cifaldi, Pres._
SIGNATURE & TITLE    (PRINT)

SIGNATURE

_Gerald C. Harms_
Gerald C. Harms
Secretary - Treasurer
P.D.C. #14

_Mike CIFALOI_
_708-795-4418_
_no Bond_
_no W-C_
_no Proof of Incorp_

_no Zip Code_